they were made, what, if anything, he did say on the subject, and on the subject of the indorsement of this and other checks which had gone through defendant's bank. All these questions were excluded on plaintiff's objection.

It will be seen that defendant was thus prevented from offering testimony of its own witness as to declarations made by plaintiff in an admitted conversation, which declarations, if so made, were against interest and went to the question of Manix's credibility; and, further, defendant was prevented from properly cross-examining Manix as to what actually was said at this admitted conversation. These questions were material and important; and it may well be that, had they been allowed, the case would have presented conflicts of fact which would have made the direction of a verdict impossible and compelled a submission to the jury. The fact that defendant failed to request a submission to the jury is unimportant. He was so limited on cross-examination and by the improper exclusion of evidence that such a request would have been futile.

I think the rulings above referred to constitute reversible error, and the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE, P. J., concurs. MacLEAN, J., taking no part.

---

TUCKER v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. March 5, 1909.)

1. APPEAL AND ERROR (§ 866*)—REVIEW—DIRECTED VERDICT.
    On appeal from a judgment directing a verdict for defendant, plaintiff is entitled to the most favorable view of the evidence.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3475; Dec. Dig. § 866.*]

2. CARRIERS (§ 300*) — PASSENGERS — STREET CAR COLLIDING WITH VEHICLE — DOCTRINE OF PARAMOUNT RIGHTS.
    In an action for injuries to a street car passenger resulting from a collision with a wagon, in which there was evidence of the motorman's negligence in looking ahead only on the track on which he was running, and in not seeing that the wagon was in a dangerous position, the doctrine of paramount right to the use of the street was of no importance, as it was the duty of the carrier to surrender any such right to protect the passenger.
    [Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1211; Dec. Dig. § 300.*]

3. CARRIERS (§ 320*)—INJURY TO PASSENGERS—QUESTION FOR JURY.
    In an action for injuries to a street car passenger, whether the motorman used due care to avoid colliding with a wagon, which he could have seen was in a dangerous position, held, under the evidence for the jury.
    [Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1323; Dec. Dig. § 320.*]

Appeal from Trial Term, Kings County.

Action by Rosemary Tucker, an infant, by guardian ad litem, against the Brooklyn Heights Railroad Company, for personal inju-

ries. From a judgment for the defendant on a directed verdict, plaintiff appeals. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Henry M. Dater (George F. Elliott, on the brief), for appellant. D. A. Marsh, for respondent.

WOODWARD, J. The learned court at the trial directed a verdict for the defendant, and under the well-established rule the plaintiff is entitled to the most favorable view of the evidence on this appeal. There is evidence in this case which, in our judgment, should have been submitted to the jury. The plaintiff was a passenger upon one of defendant's cars on the 7th day of August, 1905. The car was running along South Fourth street upon the defendant's double-track line. Coming in the opposite direction, in plain view for a distance of 200 feet, was a heavy brewery truck. The street was narrow, and the truck was in the opposite track. It was followed by another car of the defendant, and the motorman of that car was ringing his gong for the right of way. With these conditions in front of him the motorman appears to have paid no attention, except to keep his eyes upon the track upon which he was running, and the driver of the truck, apparently in response to the demand of the car behind him, turned in upon the track upon which the car on which the plaintiff was a passenger was running, and the pole of his wagon collided with the front of the car, throwing the plaintiff out of the car and producing pains in her abdomen, headaches, and a nervous shock, confining her to her bed for some little time. While the testimony of the plaintiff's witnesses is perhaps inexact, we believe it is capable of the construction that the truck was from 100 to 200 feet away when it turned upon the track where the accident occurred, and the defendant's own witnesses place the distance at from 10 to 30 feet, and if the distance was 30 feet or more, under the circumstances, it was for the jury to say whether the defendant's motorman was exercising that degree of care which the defendant owed to a passenger.

The respondent lays stress upon the fact that the accident occurred in the middle of a block, where the car had the paramount right; but the doctrine of paramount right has very little relation to a situation of this kind. It is important as between parties using the highway. It would be important in determining the question of negligence between the truck driver and the motorman; but it can have only the most incidental bearing upon the question of the defendant's duty toward its passengers. The car is in the exclusive control of the defendant, and it owes the duty of exercising due care to avoid injury to its passengers, and if this requires the surrender of its rights, as against another vehicle in the highway, then it is its duty to surrender that right. The plaintiff showed a situation where the motorman was under obligations, in the discharge of his duty to the passengers, to exercise a high degree of care in the operation of the car; and it was for the jury, under proper instructions, to say wheth-

115 N.Y.S.—15

er that care had been exercised. These questions were properly raised by the plaintiff, and, having waived none of her rights, the judgment appealed from should be reversed.

The judgment appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.